UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JON HENRI BRYANT, SR., <br><br> Plaintiff, <br><br> vs. <br><br> SIOUX FALLS POLICE DEPARTMENT; TOM WARD; JOHN CARDA; CHIEF BURNS; SERGEANT TIM HAGEN; ROBERT FORSTER, <br><br> Defendants. | 4:23-CV-04067-KES <br><br><br> 1915A SCREENING |

Plaintiff, Jon Henri Bryant, Sr., is an inmate at the Coleman Medium Federal Correctional Institution, in Coleman, Florida. Docket 1 at 1. Bryant filed a pro se lawsuit pursuant to 42 U.S.C. § 1983.[1] *Id.* The court granted Bryant's motion for leave to proceed in forma pauperis and denied his motion to change venue. Dockets 9, 10. Bryant paid his initial filing fee. This court will now screen Bryant's complaint under 28 U.S.C. § 1915A.

---

[1] Bryant originally brought the suit as a 28 U.S.C. § 1331 action. Docket 1 at 1. But the court will analyze the case under the more appropriate 42 U.S.C. § 1983 standard, because Bryant's complaint alleges conduct by a local police department and local police offices, not federal officials. *See Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) (per curiam) ("An action under *Bivens* [28 U.S.C. § 1331] is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials.").

### I.     1915A Screening

#### A.     Factual Background

The facts alleged in Bryant's complaint are: that his civil rights were violated when officers "committed fraud on the court" and he has been denied discovery in violation of the Freedom of Information Act. Docket 1 at 4-5. Bryant claims that "[o]n November 13-14, 2017, [O]fficers Tom Ward, John Carda, Tim Hagen, [and] Robert Forster committed fraud on the court so [he] could get a lengthy prison sentence[.]" *Id.* Ward, Carda, Hagen, and Forster said "the victim was choked till she passed out[,] . . . the victim was found laying on the floor of the car and [they] had to carry her to safety[, and that] they [saw Bryant] assaulting the victim[.]" *Id.* at 4. Bryant claims the officers "fabricated evidence by having the victim scratch her kneck [sic] saying it was caused by [him]." *Id.* Police-fabricated evidence also included "blood" on the victim's shirt that "was BBQ sauce." *Id.*

Bryant states that the officers "knew victim was making false statements and never charged her." *Id.* He informed Chief Burns of these facts, and Chief Burns "did [n]othing." *Id.* at 4-5.

Bryant sues Ward, Carda, Hagen, and Forster for committing fraud on the court. *Id.* at 4. Bryant sues Burns for failing to take action after Burns was aware of the fraud. *Id.* at 5. Bryant does not specify which claims are brought against the Sioux Falls Police Department. *Id.* at 4-5. Bryant alleges generally that the defendants "are also withholding all discovery and videotapes from [him] – even when [he] filed under the Freedom of [I]nformation [A]ct." *Id.* at 5.

2

He seeks $7,000,000.00 for fraud on the court, as well as for state-law claims of defamation of character and intentional infliction of emotional distress. *Id.* at 6. He also seeks "an additional $100,000.00 from each additional officer involved." *Id.*

### B.   Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the

3

assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554-63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now screen Bryant's complaint under 28 U.S.C. § 1915A.

## C.   Legal Analysis

### 1.   Statute of Limitations

Bryant alleges that defendants violated his civil rights when they committed fraud on the court on November 13-14, 2017. Docket 1 at 4. Because 42 U.S.C. § 1983 does not contain a specific statute of limitations, the United States Supreme Court has instructed courts to apply the analogous state statute of limitations. *Bell v. Fowler*, 99 F.3d 262, 265–66 (8th Cir.1996) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–68 (1985)). Under South Dakota law, "[f]ederal civil rights actions must be brought within three years after the alleged constitutional deprivation occurred." *Sisney v. Best Inc.*, 754 N.W.2d 804, 809 (S.D. 2008) (citing SDCL § 15–2–15.2).

Because Bryant alleges the conduct occurred in 2017, the alleged civil rights violations did not occur within three years of when the complaint was filed on April 24, 2023. Docket 1 at 4. Thus, Bryant's claims regarding violation of his civil rights based on fraud on the court are time barred under the statute of limitations and dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 2. Freedom of Information Act

Bryant also alleges that defendants are withholding discovery after he filed requests under the Freedom of Information Act (FOIA). Docket 1 at 5. Bryant requested information and videos, from the Sioux Falls Police Department, involving action by Sioux Falls Police Department officers that resulted in his incarceration. *Id.* at 2, 4-5. He does not specify when he made the requests; thus, it is unclear whether the requests are time barred under the statute of limitations. *Id.* at 5; *Sisney*, 754 N.W.2d at 809.

FOIA applies to records held by a federal agency. *See* 5 U.S.C. § 551(1); *see also* 5 U.S.C. § 552; *U.S. Dep't of Just. v. Reps. Comm. For Freedom of the Press*, 489 U.S. 749, 752 (1989) (discussing the applicability of FOIA for police reports from local governments only when the information is in the hands of a federal agency). Here, Bryant is requesting information from the Sioux Falls Police Department, a local police department, not covered by FOIA. 5 U.S.C. § 551(1); Docket 1 at 5. Because FOIA does not provide Bryant access to the requested information from the Sioux Falls Police Department, Bryant's allegation of failure to provide information in violation of FOIA does not state a

claim upon which relief may be granted and it is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### D. Strike Under 28 U.S.C. § 1915(g)

The court finds that both of Bryant's claims fail to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Bryant's complaint is dismissed for failure to state a claim upon which relief can be granted, this dismissal will count as a strike.

Thus, it is ORDERED:

1. That Bryant's § 1983 claims against the defendants are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. That Bryant's claims regarding FOIA requests are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3. That Bryant's state-law claims of defamation of character and intentional infliction of emotional distress are dismissed without prejudice under 28 U.S.C. § 1367(c)(3), without considering the merits of the claims, because the court dismissed all actions under which it had original jurisdiction.

4. That this action constitutes a strike against Bryant for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).

Dated August 7, 2023.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE